# MAHENDRU P.C.

THE LITIGATION GROUP

Ashish Mahendru
amahendru@thelitigationgroup.com
Darren A. Braun
dbraun@thelitigationgroup.com

639 Heights Boulevard
Houston, Texas 77007
www.thelitigationgroup.com

Toll Free: 866.558.8149
Telephone: 713.571.1519
Serving Clients Since 2001


August 26, 2026

Hon. Thomas J. Savage
9614 U.S. Courthouse
601 Market Street
Courtroom 9-A
Philadelphia, Pennsylvania 19106

***via Efile***

Re: Civil Action No. 2:26-cv-05611-TJS; Rubicon Technologies, LLC v. Tom Owston and Wilmington Paper Company, LLC

Dear Judge Savage,

After hours of back-and-forth negotiations since last Monday morning, Rubicon believed it had a deal with Defendants yesterday afternoon to enter into an Agreed Preliminary Injunction that would moot the September 22, 2026 injunction hearing and allow the parties to stay further proceedings and in favor of arbitrating this case.

Late last night, Defendants reneged on that draft proposal and are insisting on a **full and final permanent injunction** and settlement agreement that is simply not possible or practical at this stage and with the limited time available to the parties. Thus, I regret to inform the Court that we have not reached a deal.

Rubicon believes the proper course would be to allow the expedited discovery schedule the Court previously Ordered to resume.

Indeed, in parallel, it would be in the parties' best interests to continue settlement talks ongoing, and in that vein, to mediate this case. Thus, Rubicon would respectfully propose that the Court Order the parties to mediate on September 22nd—the date originally set for the preliminary injunction hearing—and that the Court set a new date for the injunction hearing the following week, if the Court has availability to do so. Conducting mediation after some expedited discovery has been conducted will give the parties a better understanding of their respective positions and would facilitate the possibility of entering into a final settlement.

To address some other concerns the Court raised during the status conference on Monday, the Court previously indicated that it could simply enter an Order if the parties do not agree to one. Rubicon respectfully posits that the Court could not enter a non-agreed order granting or denying a preliminary injunction without first holding an evidentiary hearing. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 719 fn. 16 (3d Cir. 2004) ("[W]here the motion [for preliminary injunction] turns on a disputed factual issue, an evidentiary hearing is ordinarily required.").

Rubicon, as it asserted in its Complaint, established that that the Court has federal-question subject matter jurisdiction over this case even if it determines that it lacks diversity jurisdiction. Rubicon asserted a claim under the Federal Defend Trade Secret Act, and that claim provides the Court with subject matter jurisdiction. *Harbor Bus. Compliance Corp. v. Firstbase.io, Inc.*, 152 F.4th 516, 526 fn. 1 (3d Cir. 2025) (stating that where the plaintiff asserted a Federal Defend Trade Secrets Act claim, that the "District Court had jurisdiction under 28 U.S.C. §§ 1331 (federal question)" as well as supplemental jurisdiction over the other claims). Moreover, "[t]he legal insufficiency of a federal claim generally does not eliminate the subject matter jurisdiction of a federal court." *Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 261 (3d Cir. 2008). And "[j]urisdiction is not defeated merely because the averments might fail to state a cause of action on which the plaintiff could actually recover." *Hill on Behalf of Republic First Bancorp Inc. v. Cohen*, 40 F.4th 101, 111 (3d Cir. 2022) (internal brackets and quotations omitted).

Accordingly, as set forth above and in its pleadings that resulted in the Court's entry of a Stipulated Order on discovery, Rubicon urges to the Court to allow the parties to resume their preparation for the preliminary injunction.

Sincerely,

Ashish Mahendru

cc: All Counsel of Record